IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

DONALD R. WIELD,

                Plaintiff,

  v.

CARL HENRICHSEN, LARRY FUCHS,
PAUL JOHNSON, JOHN DOE, and JANE DOE,

                Defendants.

OPINION & ORDER

17-cv-441-jdp

---

Pro se plaintiff Donald Wield is proceeding on a claim that Carl Henrichsen (the captain for the restricted housing unit), Larry Fuchs (the prison security director), Paul Johnson (the mailroom supervisor), and an unspecified number of unnamed defendants violated the First Amendment by refusing to deliver newspapers to him while he was in the restricting housing unit. Wield has filed two documents in which he attempts to add more defendants to the case. For the reasons discussed below, I will allow him to procced against most of the new defendants.

First, in an amended complaint, Wield identifies nine previously unnamed officers allegedly involved in denying him newspapers. In the same amended complaint, Wield attempts to revive his claims against Tara Fredlund (identified as Tammy Fredlund in the original complaint) and Lynn Washetas, both of whom the court dismissed in the December 1, 2017 screening order. Second, he has filed "a request for permission to file second amended complaint" in which he lists six more officers who he says he "ascertained during discovery." Dkt. 22. In accordance with 28 U.S.C. § 1915A, I must review Wield's proposed amendments and determine whether he may proceed against the new defendants.

As to the first group of new defendants, Wield alleges that each of them personally denied him delivery of newspapers, so I will allow him to proceed on claims against those defendants under the First Amendment. In fact, the Wisconsin Department of Justice has already accepted service on behalf of all nine: Kurt Taylor, Anthony Bonfiglio, Nicholas Anderson, Brandon Bolton. Doyle Fladhammer, Thomas Trankle, Patrick Priem, Kelly Kutina, and Andrew Voigt.[1]

As for Fredlund and Washetas, Wield says in his amended complaint that they violated his due process rights because they mishandled his grievances, but I rejected the same claim in the original screening order. "Prison grievance procedures are not mandated by the First Amendment and do not by their very existence create interests protected by the Due Process Clause, and so the alleged mishandling of [Wield's] grievances by persons who otherwise did not cause or participate in the underlying conduct states no claim." *Owens v. Hinsley*, 635 F.3d 950, 953 (7th Cir. 2011). For the same reason, I will not allow Wield to proceed against Fredlund and Washetas now.

This leaves the six officers in Wield's "request for permission to file second amended complaint," which I construe as a motion to supplement the complaint. Wield says that two of the officers named in the supplement—Cynthia Cordero and Deborah Olsen—are "mail/property room" officers who withheld newspapers from him. Accordingly, I will allow Wield to proceed against Cordero and Olsen.

But I will deny Wield leave to proceed against the other four officers. Wield says that Eric Wiegel and Brent Hoffman held positions that "dictated delivery of property," but he does

---

[1] Wield did not include the full names of all of these defendants in his amended complaint, but the Department of Justice provided the names in their acceptance of service form. Dkt. 19.

not allege that either Wiegel or Hoffman refused to deliver property to *him*. Because a defendant cannot be held liable under the Constitution unless he was personally involved in violating the plaintiff's rights, *Carmody v. Bd. of Trustees of Univ. of Ill.*, 893 F.3d 397, 401 (7th Cir. 2018), Wield has not stated a claim against Wiegel or Hoffman.

Wield says that Rebecca Tervonen and Oyle Keltner provided assistance "in preparing policy to *allow* newspapers" in the restricted housing unit. Dkt. 22 (emphasis added). Because Wield does not allege that Tervonen or Keltner were involved in *denying* newspapers to him or anyone else, he has not stated a claim against them either.

ORDER

IT IS ORDERED that:

1. Plaintiff Donald Wield's motion for leave to amend his complaint, Dkt. 17, and motion for leave to supplement his complaint, Dkt. 23. are GRANTED. The amended complaint, Dkt.18, and supplement, Dkt. 22, are ADOPTED as the operative pleading.

2. Wield may proceed on a claim that the following defendants were personally involved in refusing to provide him newspapers while he was in the restrictive housing unit: Carl Henrichsen, Larry Fuchs, Paul Johnson, Kurt Taylor, Anthony Bonfiglio, Nicholas Anderson, Brandon Bolton, Doyle Fladhammer, Thomas Trankle, Patrick Priem, Kelly Kutina, Andrew Voigt, Cynthia Cordero, and Deborah Olsen.

3. All other claims against all other defendants are DISMISSED for Wield's failure to state a claim upon which relief may be granted.

4. The Wisconsin Department of Justice may have until October 15, 2018, to inform the court whether they will accept service on behalf of defendants Cordero and Olsen.

Entered October 1, 2018.

                                BY THE COURT:

                                /s/

                                _____
                                JAMES D. PETERSON
                                District Judge